**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0795n.06**

**No. 09-3208**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Dec 16, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ROMULO GUERRA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM |
| | ) | THE BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

Before:  MARTIN and ROGERS, Circuit Judges; REEVES, District Judge.[*]

REEVES, District Judge.  Petitioner Romulo Guerra seeks review of a decision by the Board of Immigration Appeals (BIA) denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.  Guerra argues that the Immigration Judge (IJ) and the BIA erred in denying his application for withholding of removal based on the finding that he had not suffered past persecution due to his membership in a particular social group as provided in the Immigration and Nationality Act (INA).  Because substantial evidence supports the BIA's conclusion that Guerra was subjected to extortion attempts and death threats not because of his kinship ties to his murdered cousin but because he was a successful businessman, we deny the petition for review.

---

[*] The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**I.**

Guerra is a citizen and native of El Salvador. He is married and has one child; his wife and daughter remain in El Salvador. Prior to his arrival in the United States in 2000, Guerra owned a sporting goods store in Santa Ana, El Salvador. In 1995, Guerra began to receive demands for money from two men who came into his store. The men forcibly took 5000 Colones from Guerra's store and told him that they needed $15,000. Guerra asserts that the men threatened that, if he did not come up with $15,000, the same thing would happen to him as had happened to his cousin Alfredo. Alfredo was a businessman in Santa Ana who had been murdered in 1993. Guerra believes that the men who threatened him were part of the same group who killed Alfredo. Guerra states that he did not report the threats because he believed the men might have connections to the police.

Guerra received threatening visits and notes for the next five years. Sometimes the men would damage Guerra's store and take merchandise. And on at least one occasion, Guerra was threatened with a knife. The men continued to demand $15,000 from Guerra. On their final visit to his store in September 2000, they told Guerra that if he did not give them the money by the end of the day, they would kill him. That night, Guerra left El Salvador and came to the United States.

In addition to his wife and daughter, Guerra's two sisters remain in El Salvador. Guerra's mother moved to the United States to live with him because the men from whom Guerra had fled threatened to beat her when she would not tell them where Guerra was living. Before Guerra's father died in 2003, he was approached by two men and questioned regarding Guerra's whereabouts. Guerra has learned from family members who still live in El Salvador that the men continue to look for him because of their earlier demand for money.

Guerra was served with a Notice to Appear on June 23, 2006. In subsequent proceedings, he was found to be removable as an alien present in the United States without being admitted or paroled. Guerra then applied for asylum and withholding of removal and a hearing was held before the IJ on March 18, 2008. Guerra testified at the March 18 hearing that he had never been in the military in El Salvador, nor had he been a member of any political party. When asked if he knew why the men had demanded money from him, he stated that it was because he had a business. The IJ noted that, although Guerra had not indicated that he believed he had been subjected to persecution because he belonged to a particular social group, this was the only ground upon which Guerra's application for withholding of removal could be based.

The IJ concluded that Guerra had not presented any evidence that he had been persecuted on account of his membership in a particular social group. Based upon this conclusion, the IJ denied Guerra's application for withholding of removal. Guerra's applications for temporary protected status, asylum, and protection under the torture convention were denied for procedural reasons. The BIA affirmed the IJ's decision with regard to Guerra's application for withholding of removal because it likewise could identify no evidence suggesting that Guerra was targeted because of his relationship to his cousin. Instead, the BIA concluded that the motivation behind the extortion attempts was the criminals' belief that Guerra had money. In this petition for review, Guerra challenges only the denial of his application for withholding of removal.

**II.**

This Court "review[s] the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). However, the IJ's decision will also be reviewed "[t]o

the extent the BIA adopted the immigration judge's reasoning." *Id.* Both decisions are subject to the substantial-evidence standard. *Id.* Under the INA, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Thus, we must uphold the BIA's decision unless the evidence "'not only supports a contrary conclusion, but indeed *compels* it.'" *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)). To prevail, Guerra "must show that the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite persecution." *Id.*

The IJ found, and the BIA agreed, that Guerra failed to establish that he had suffered past persecution on account of a characteristic protected under the INA. An applicant is eligible for withholding of removal if he can show that his "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b). If this showing is made, withholding of removal is mandatory. *Khalili*, 557 F.3d at 435. When an applicant establishes that he has been subjected to past persecution in the proposed country of removal on the basis of one of the five protected grounds, a future threat to life or freedom is presumed. 8 C.F.R. § 1208.16(b)(1)(i).

Persecution is "the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim." *Khalili*, 557 F.3d at 436 (quotation omitted). This Court has held that "'[p]ersistent death threats and assaults on one's life, family, and business rise to the level of persecution'" under the INA. *Ouda*, 324 F.3d at 454 (quoting *Andriasian v. INS*, 180 F.3d 1033, 1042 (9th Cir. 1999)). However,

extortion attempts do not constitute persecution where those making the demands did not choose their victim based on a protected characteristic. *See Sinojmeri v. Gonzales*, 199 F. App'x 480, 486-87 (6th Cir. 2006) (upholding IJ's finding that applicant, who had been threatened and then abducted and tortured by men demanding $20,000, was targeted for extortion because of "[his] ability to pay or his family's ability to pay and nothing more").

Guerra argues that he was subjected to persecution in El Salvador on account of his kinship ties to his cousin, Alfredo, who was murdered by associates of the men who threatened him. Although Guerra's situation is unfortunate, the record does not support–much less compel–such a conclusion. This Court has recognized that under some circumstances, a family may constitute "a particular social group" for purposes of the INA. *See Castellano-Chacon v. INS*, 341 F.3d 533, 547 (6th Cir. 2003); *Al-Ghorbani v. Holder*, 585 F.3d 980 (6th Cir. 2009). However, even if we assume, for purposes of argument, that Guerra's family is "a particular social group," he must establish not just membership in the group, but that he has suffered persecution *on account of* his membership–*i.e.*, that he possesses a protected characteristic his persecutors seek to overcome. Here, the evidence does not show that Guerra was targeted because he was related to Alfredo. Instead, it appears the criminals were interested in him because he was a successful businessman.

Nothing in Guerra's testimony at the March 18, 2008, hearing before the IJ suggests that the harassment he suffered was in any way related to his kinship ties to Alfredo. On the contrary, Guerra's testimony strongly supports the IJ's and BIA's decisions that the criminals' motive was purely financial. In responding to a question regarding the motive of the men demanding money

from him, Guerra explained that they simply extorted money as a way of living. And when asked why he was targeted, Guerra testified that it was because he had a business. He also explained that another person in the area who owned a hardware store received similar threats. Guerra also stated that he believed his life would be at risk if he were to return to El Salvador because people there assume that anyone who has been in the United States has money.

At no point during the hearing did Guerra indicate that the attempted extortion and death threats had anything to do with his familial relationship to Alfredo. Likewise, during closing arguments, Guerra's attorney did not assert that Guerra was being persecuted because of family ties or any other protected ground. His arguments, too, pointed solely to a financial motive. In summary, there is substantial evidence supporting the BIA's decision that Guerra failed to establish that he had suffered past persecution on account of his membership in a particular social group. The mere fact that the men threatened Guerra with a fate similar to his cousin's does not compel the conclusion that their motive was related to his membership in Alfredo's family.

**III.**

The BIA's decision is supported by substantial evidence. We therefore **DENY** Guerra's petition for review.