RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0074p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

HAMDI AL KHALILI,

                    *Petitioner,*

      *v.*

ERIC H. HOLDER, JR., Attorney General of the
United States,

                    *Respondent.*

No. 08-3296

On Petition for Review of a Decision from the
Board of Immigration Appeals.
No. A96 418 226.

Argued: January 15, 2009

Decided and Filed: February 27, 2009

Before: KENNEDY, COLE, and GILMAN, Circuit Judges.

_____

## COUNSEL

_____

**ARGUED:** Charles S. Owen, OWEN & ASSOCIATES, Southfield, Michigan, for
Petitioner. John W. Blakeley, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent. **ON BRIEF:** Charles S. Owen, OWEN &
ASSOCIATES, Southfield, Michigan, for Petitioner. John W. Blakeley, Aviva L. Poczter,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION

_____

      COLE, Circuit Judge. Petitioner Hamdi Al Khalili appeals the order by the Board
of Immigration Appeals ("BIA") affirming the immigration judge's final order of removal
to Jordan. The immigration judge rendered her decision on June 23, 2006, denying Khalili's
application because he failed to establish his membership in a particular social group and
because he did not show that the Jordanian government was unwilling or unable to control

1

the non-governmental actors who he alleged would seek to harm him. Khalili appealed to the BIA. The BIA affirmed, concluding that Khalili had failed to demonstrate the inability or unwillingness of his government to protect him.

Khalili now petitions for review of the BIA's decision. He argues that the BIA's determination that he did not belong to a particular social group, such that he would face persecution if he were forced to return to Jordan, was arbitrary and capricious. He also argues that the BIA erred in finding that he had not established a prima facie case of eligibility for asylum based on its reading of Jordan's official stance on honor killings.

The Government argues that this Court lacks jurisdiction to consider Khalili's claim because he failed to exhaust his administrative remedies. In the alternative, the Government argues that substantial evidence supports the BIA's decision.

For the reasons set forth below, we find that BIA actions exhausted Khalili's administrative remedies by sua sponte raising and ruling on the immigration judge's determination regarding the Jordanian government. Thus, this Court has jurisdiction to consider Khalili's appeal of that issue. However, this Court also finds that substantial evidence supports the BIA's determination that Khalili failed to show that the Jordanian government was unable or unwilling to protect him and his family. We therefore **DENY** Khalili's petition for review.

## I. BACKGROUND

### A. Factual background

Khalili, a citizen and native of Jordan, met his current wife, Deena, in Jordan in 1986. Despite resistance from her family, they married in August 1992. Before and after the wedding, Deena's family members showed their disapproval of the relationship by beating Deena and by making false accusations against Khalili. Based, in part, on fear for himself and his family, Khalili moved with his wife and two children to the United States in September 1999.

While living in the United States, Khalili and Deena got into a disagreement relating to Deena's sister. Deena's family became involved in the dispute, which ultimately led to the couple's divorce in August 2000. Though Khalili and Deena were both living in

Michigan at the time, the divorce was obtained under Jordanian law. Thereafter, Deena and the children moved back to Jordan, where she alleges that her family mistreated her because of the divorce.

Following the divorce, Khalili married his second wife in 2001. After a few months, Khalili's second wife took a trip to New Jersey, and he never saw her again. He subsequently obtained a second divorce.

Meanwhile, as a result of the harsh treatment they received after returning to Jordan, Deena and the children moved back to the United States in June 2003. Khalili renewed contact with her, and they had a third child in May 2004. They remarried in May 2005.

**B.      Procedural background**

Khalili was legally admitted to the United States as a nonimmigrant visitor on September 19, 1999. The Immigration and Naturalization Service, now part of the United States Department of Homeland Security, initiated removal proceedings against him by filing a Notice to Appear, charging him with removability under section 237(a)(1)(B) of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States for a time longer than permitted.

At the removal hearing on October 1, 2004, Khalili conceded removability, but filed an application for withholding of removal under section 241(b)(3). Alternatively, he requested voluntary departure under section 240(B).

Khalili's section 241(b)(3) application for withholding of removal claimed persecution on account of his religion and membership in a particular social group. He testified in support of that claim in removal hearings on June 19, 2006 and June 23, 2006. Khalili and Deena testified that Deena's family had previously attacked them and their children and had also threatened them with future harm. Khalili testified he feared that, if they returned to Jordan, he or his family might become victims of honor killings—the murder of a family or clan member due to the belief that the individual has brought dishonor on the family. Finally, Khalili testified that he did not believe the Jordanian government could protect him because "usually they don't interfere [with] honor things." (Joint Appendix 118.) In support of his arguments, Khalili offered marriage and divorce

certificates as well as two 2003 British Broadcast Corporation news articles related to honor killings in Jordan. In response, the Government submitted the 2005 State Department Country Report on Human Rights for Jordan.

On June 23, 2006, the immigration judge denied Khalili's application for withholding of removal. Despite finding Khalili's testimony generally consistent and credible, the immigration judge determined that Khalili was ineligible for withholding of removal under the INA because he was unable to establish that he had been or would be subject to persecution on account of any of the five statutorily enumerated grounds. Noting that Khalili had claimed protection based on religion and on membership in a social group—a group the immigration judge defined as males subject to honor killings—the immigration judge found that Khalili's ability to establish that he fit within a particular social group was undermined by the lack of evidence showing that the cultural practice of honor killing is extended to men. The immigration judge also found that Khalili had not demonstrated that the Jordanian government would be unwilling or unable to protect him. Finally, the immigration judge denied Khalili's request for voluntary departure.

Khalili appealed to the BIA. The BIA denied that appeal on February 21, 2008, stating that Khalili's Notice of Appeal and briefs did not challenge the immigration judge's finding that he failed to show that the government of Jordan was unwilling or unable to protect him. Despite Khalili's failure to challenge that issue, the BIA nonetheless ruled on it. The BIA relied on evidence showing that the Jordanian government prosecutes those accused of honor killings. The BIA also determined that Khalili failed to present any evidence that men, as opposed to women, were the subjects of honor killings. The BIA reasoned that Khalili's failure to show the inability or unwillingness of his government to protect him was a sufficient basis for denying his application for withholding of removal, and the BIA affirmed the immigration judge's decision.

## II.  LAW AND ANALYSIS

**A.      Jurisdiction**

*1.       Failure to present reviewable issues to the BIA*

This Court generally has jurisdiction to consider a timely petition for review of a BIA final order of removal under INA section 242, 8 U.S.C. § 1252(a)(1), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310-11 (2005).  However, before raising an immigration issue in federal court, a petitioner must normally present all reviewable issues to the BIA.  *Sterkaj v. Gonzalez*, 439 F.3d 273, 279 (6th Cir. 2006).  Specifically, 8 C.F.R. section 1003.3(b), the "Statement of basis of appeal" regulation, requires:

> The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal [to the BIA] (Form EOIR-26 or Form EOIR-29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i).  The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged.  If a question of law is presented, supporting authority must be cited.  If the dispute is over the findings of fact, the specific facts contested must be identified.  Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged.

Moreover, this Court has explained that the issue must be reasonably developed in the petitioner's brief to the BIA.  *Hasan v. Ashcroft*, 397 F.3d 417, 420 (6th Cir. 2005).  If the petitioner fails to exhaust an issue before the BIA, that issue is normally deemed to be waived.  *Id.* at 419-20; *see also Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004).

The Government argues that this Court should dismiss Khalili's petition for lack of jurisdiction because he did not appeal to the BIA the immigration judge's determination that he failed to show that the government of Jordan would be unwilling or unable to protect him.  Review of Khalili's notice of appeal and his supporting brief reveals that he did not raise any challenges to the immigration judge's finding regarding the Jordanian government.

2.        *Sua sponte consideration by the BIA*

Khalili's failure to challenge the immigration judge's determination regarding the inability or unwillingness of the government of Jordan to protect him would ordinarily end our inquiry because this Court is without jurisdiction to consider unexhausted claims. *See* INA section 242(d)(1), 8 U.S.C. § 1252(d)(1); *see also Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994). Here, however, the BIA sua sponte raised and ruled on the merits of Khalili's claim that the government of Jordan was unable to protect him. Therefore, we must now address the jurisdictional effect of the BIA's sua sponte consideration of the merits of this issue.

As noted recently by our sister circuit in *Bin Lin v. Attorney Gen.*, 543 F.3d 114, 123 (3d Cir. 2008), several circuits have considered the issue of whether the BIA's decision to consider an issue not properly presented to it provides the appellate court with jurisdiction. Only the Eleventh Circuit finds a complete lack of jurisdiction in a case similar to this one. *See Amaya-Artunduage v. Attorney Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam) (finding that the court lacked "jurisdiction over a claim when an alien, without excuse or exception, fail[ed] to exhaust that claim," even when "the BIA nonetheless consider[ed] the underlying issue sua sponte"). On the other hand, the majority of circuits have held that where the BIA could have summarily dismissed for failure to raise an issue (or raise with specificity) but nonetheless reached the merits or affirmed the merits of the immigration judge's decision, the exhaustion requirement is waived and the appellate court has jurisdiction. *See Zine v. Mukasey*, 517 F.3d 535, 540-41 (8th Cir. 2008) (finding appellate jurisdiction where the BIA decided to reach the merits of the issue); *Pasha v. Gonzales*, 433 F.3d 530, 532-33 (7th Cir. 2005) (explaining that where the BIA could have summarily dismissed an appeal for failure to raise an issue with specificity but instead affirmed on the merits, the exhaustion requirement was waived); *see also Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc) ("When the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect.").

In *Sidabutar v. Gonzales*, 503 F.3d 1116 (10th Cir. 2007), the Tenth Circuit provided analysis supporting appellate jurisdiction, reasoning that:

[W]hile § 1252(d)(1) requires that an alien exhaust "all administrative remedies," the BIA has the authority to determine its agency's administrative procedures. If the BIA deems an issue sufficiently presented to consider it on the merits, such action by the BIA exhausts the issue as far as the agency is concerned and that is all § 1252(d)(1) requires to confer our jurisdiction. Where the BIA determines an issue administratively-ripe to warrant its appellate review, we will not second-guess that determination. Indeed, it is a touchstone of administrative law that "the formulation of procedures [is] basically to be left within the discretion of the agencies to which Congress had confided the responsibility for substantive judgments." *Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.*, 435 U.S. 519, 524 (1978). Administrative agencies "should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 143 (1940). *Cf. Weinberger v. Salfi*, 422 U.S. 749, 767 (1975) (holding that an agency may waive internal exhaustion requirements).

. . . Under 8 C.F.R. § 1003.3(b) ("specificity requirement"), an alien taking an appeal of an [immigration judge] decision "must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." Nothing in the agency's regulations preclude the BIA from waiving this requirement. Indeed, the BIA has discretionary authority to dismiss (and conversely, accept) appeals lacking in specificity. *See* 8 C.F.R. § 1003.1(d)(2)(i) ("A single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he party concerned fails to specify the reasons for the appeal . . . .") (emphasis added). Thus, the BIA's waiver of the specificity requirement in this case does not detract from the decision constituting the BIA's final order on the issues, 8 C.F.R. § 1003.1(d)(7) and we retain jurisdiction over that final order, 8 U.S.C. § 1252(a)(1).

503 F.3d at 1119-20 (citations omitted).

This Court's decision in *Hassan v. Gonzales*, 403 F.3d 429, 433 (6th Cir. 2005), also supports a finding of jurisdiction. There, we determined that in cases in which the BIA summarily affirms the immigration judge's decision without further analysis, an alien's administrative remedies are exhausted, giving us jurisdiction to entertain a petition for review. *Id*. We reasoned that by affirming without opinion under section 1003.1(e)(4), rather than summarily dismissing the case under section 1003.1(d)(2)(i)(A), the BIA determined the petitioning alien had satisfied the specificity requirement. *Id*.

We must now decide whether appellate jurisdiction extends to the circumstances at hand. The Third Circuit, following the Tenth Circuit, provides support for such an application:

> Holding that the BIA waived its specificity requirement does not run counter to the purposes underlying the exhaustion doctrine. The Supreme Court has explained that "[e]xhaustion is generally required as a matter of preventing premature interference with agency processes, . . . [giving the agency] an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." [*Weinberger v.*] *Salfi*, 422 U.S. [749, 765 (1975).] While these are important concerns, "[w]here the BIA has issued a decision considering the merits of an issue, even sua sponte, these interests have been fulfilled." *Sidabutar*, 503 F.3d at 1121. The BIA has already had an opportunity to apply its experience and expertise without judicial interference. So too, the fact that the BIA has addressed the issue independently from the [immigration judge] ensures that the record is adequate for our review. Indeed, the *Sidabutar* court expressly limited the application of this rule to cases in which the BIA "issues a full explanatory opinion or a discernible substantive discussion on the merits over matters not presented by the alien," distinguishing cases where "the BIA summarily affirms the [immigration judge] decision in toto without further analysis of the issue." *Id*. at 1122 (citing 8 C.F.R. § 1003.1(e)(4)).

*Bin Lin*, 543 F.3d at 125. Stated differently, the Third Circuit adopted the position that appellate jurisdiction is even more appropriate in cases in which the BIA has sua sponte reached the merits of an issue, than in cases in which the BIA has summarily affirmed the immigration judge decision.

Therefore, we follow the majority of circuit courts in finding appellate jurisdiction to review issues raised sua sponte by the BIA. In such cases, the BIA's action waives that issue's exhaustion requirements. Because the BIA waived the exhaustion requirement here and addressed the merits of the issue of the immigration judge's determination on the government of Jordan, we have jurisdiction to consider Khalili's claim.

**B.      Standard of review**

Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination. *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007). To the extent the BIA adopted the immigration judge's reasoning, however,

this Court also reviews the immigration judge's decision. *See Patel v. Gonzales*, 470 F.3d 216, 218 (6th Cir. 2006). Questions of law are reviewed de novo, but substantial deference is given to the BIA's interpretation of the INA and accompanying regulations. *Morgan*, 507 F.3d at 1057 (citing *Sad v. INS*, 246 F.2d 811, 814 (6th Cir. 2001)). "The BIA's interpretation of the statute and regulations will be upheld unless the interpretation is 'arbitrary, capricious, or manifestly contrary to the statute.'" *Id.* (quoting *Sad*, 246 F.2d at 815).

This Court reviews both the immigration judge's and the BIA's factual findings under the substantial-evidence standard. *Hamida v. Gonzales*, 478 F.3d 734, 736 (6th Cir. 2007). We cannot reverse such findings simply because we would have decided them differently. *Gishta v. Gonzales*, 404 F.3d 972, 978 (6th Cir. 2005). "These findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

## C.    Applicable law

Khalili requests withholding of removal under INA section 241(b)(3). Withholding of removal is not discretionary, but rather is mandatory if the alien establishes that his "life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(a); *Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004). However, an applicant seeking withholding of removal faces "a more stringent burden than what is required on a claim for asylum," *Liti v. Gonzales*, 411 F.3d 631, 640 (6th Cir. 2005), and must demonstrate "that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005) (quoting *Pilica*, 388 F.3d at 951). The BIA has defined persecution as "the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim." *Pilica*, 388 F.3d at 950 (quoting *Matter of Kasinga*, 21 I&N Dec. 357, 365 (BIA 1996)).

**D.      Substantial Evidence**

Khalili's claim for withholding of removal focuses on harm previously inflicted and future threats of harm—including potential honor killings—by Deena's family members, not by any government. While Khalili does present evidence of honor killings in Jordan, there simply is insufficient evidence to demonstrate that the government would be unwilling or unable to control Deena's family members and protect Khalili and his family from harm. *See Raza v. Gonzales*, 484 F.3d 125, 129 (1st Cir. 2007) ("When an asylum claim focuses on non-governmental conduct, its fate depends on some showing either that the alleged persecutors are aligned with the government or that the government is unwilling or unable to control them."). To be sure, the State Department's 2005 Country Report on Human Rights Practices for Jordan, which is part of the record of this case, indicates that some criminal defendants accused of honor crimes took advantage of loopholes in Jordan's penal code to receive significantly reduced sentences as compared to the usual penalties for the underlying crime. However, the report also indicates that the Jordanian authorities prosecuted all fifteen honor crimes reported in 2004. Moreover, the report indicates that the police have placed potential victims in protective custody and that there is a "societal trend" toward condemning honor crimes. Based on this record, we cannot conclude that a reasonable adjudicator would be compelled to find that the Jordanian government was unwilling or unable to protect Khalili. *See El Ghorbi v. Mukasey*, 281 F. App'x 514, 517 (6th Cir. 2008) (finding no eligibility for asylum or withholding of removal where petitioner could not establish that he was harmed by persons the government was unwilling or unable to control); *Kere v. Gonzales*, 252 F. App'x 708, 713 (6th Cir. 2007) (determining that no persecution exists where family members abused applicant because there was no evidence that the government was unable or unwilling to control the family members' conduct and protect the applicant).

## III.  CONCLUSION

We find that this Court has jurisdiction to consider Khalili's appeal because the BIA's actions exhausted Khalili's administrative remedies. However, we also find that substantial evidence supports the BIA's determination that Khalili failed to show that the

Jordanian government was unable or unwilling to protect him and his family.  We therefore **DENY** Khalili's petition for review.