**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0645n.06

No. 11-3381

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| OSMAN JAVIER MALDONADO-PENA; | ) | |
| JUAN MALDONADO-PENA, | ) | |
| | ) | |
| Petitioners, | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Osman Javier Maldonado-Pena and his brother Juan Maldonado-Pena, proceeding through counsel, petition for review of a Board of Immigration Appeals (BIA) order dismissing their appeal from the decision of an immigration judge (IJ) that denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).

The Maldonado-Pena brothers are natives and citizens of Honduras who entered the United States without authorization. On June 25, 2007, the Department of Homeland Security commenced removal proceedings against the Maldonado-Penas and issued Notices to Appear. The Notices to Appear alleged that Osman entered this country in 2001 and Juan entered this country in 2005 and

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

were removable because they were "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." The brothers admitted the allegations contained in the Notices to Appear, with the exception that Juan admitted that he entered this country in 2004, conceded removability, and applied for asylum, withholding of removal, and protection under the CAT.

Following a hearing, the IJ denied the brothers' applications for relief, and granted voluntary departure with alternate removal orders to Honduras. The BIA dismissed their appeals.

The Maldonado-Penas timely filed petitions for review of the BIA's order. They challenge the denial of their applications for asylum and withholding of removal. This court denied Osman's motion to stay removal.

We review legal determinations of an immigration court *de novo* and factual determinations for substantial evidence. *Zoarab v. Mukasey*, 524 F.3d 777, 780 (6th Cir. 2008). The immigration court's factual findings and determination regarding eligibility for relief from removal will be upheld unless the evidence "not only supports a contrary conclusion, but *compels* it." *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007) (quoting *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004)).

An asylum application must be filed "within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Here, the IJ found the Maldonado-Pena brothers' asylum applications untimely because they were not filed within one year of their respective arrivals in this country. The IJ declined to excuse the untimely filings because the brothers did not demonstrate changed or extraordinary circumstances. The BIA agreed with the IJ's findings and concluded that the brothers' asylum applications were untimely.

In the absence of "constitutional claims or matters of statutory construction," this court lacks jurisdiction to review the BIA's determination that the Maldonado-Pena brothers' asylum applications were not filed within the one-year time period. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011) (quoting *Shkulaku-Purballori v. Mukasey*, 514 F.3d 499, 502 (6th Cir. 2007));

*see also* 8 U.S.C. § 1158(a)(3). The brothers did not raise any constitutional or statutory construction issues. Thus, we lack jurisdiction to review the denial of the brothers' applications for asylum.

To qualify for withholding of removal, an alien must establish that his "life or freedom would be threatened in [the proposed] country [of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An applicant for withholding of removal must establish a clear probability of persecution, *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005), by demonstrating "that 'it is more likely than not' that he or she will be persecuted upon return" to a particular country. *Liti v. Gonzales*, 411 F.3d 631, 641 (6th Cir. 2005) (quoting 8 C.F.R. § 1208.16(b)(2)). Persecution is "the infliction of harm or suffering by the government, or persons the government is unwilling or unable to control, to overcome a characteristic of the victim." *Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009) (quoting *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004)).

The Maldonado-Penas sought withholding of removal based upon their membership in a particular social group—a family targeted by gang violence. The IJ found both brothers credible but ineligible for withholding of removal. The IJ determined that the brothers did not demonstrate past persecution during their residency in Honduras and did not establish a well-founded fear of future persecution. The IJ found that the brothers failed to establish membership in a particular social group based upon their fear of gang violence. The IJ also found that the brothers failed to establish that their family constituted a particular social group because the record lacked any "indication that the family has been targeted because they are this particular family, that is because of that immutable characteristic which the gang members are trying to overcome." The IJ found that the apparent affluence of the brothers' family, fear of crime, and general violence could not support their withholding of removal claims.

The BIA affirmed the IJ's decision and found that the Maldonado-Pena brothers were not eligible for withholding of removal. The BIA agreed with the IJ's determination that the brothers

did not establish "a 'particular social group' or other nexus for purposes of relief under the Act on the basis of [their] claims." The BIA also agreed with the IJ's determination that the brothers provided no evidence "indicating that they or their family were targeted based on their familial relationship" rather than exposed to the same risk of harm as "the general citizenry of Honduras."

Substantial evidence supports the decision of the BIA. *See Zoarab*, 524 F.3d at 780. Thus, the brothers have not met their burden of showing that any reasonable adjudicator would be compelled to reach a different determination than the BIA as to their applications for withholding of removal. *See Khalili*, 557 F.3d at 435.

The Maldonado-Pena brothers do not challenge the denial of withholding of removal under the CAT in their appellate brief. Arguments that are not presented in an appellate brief are waived. *Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005). Therefore, the brothers have waived review of their claim that they are entitled to relief from removal under the CAT.

Accordingly, we deny the petition for review.