**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0910n.06

No. 11-3331

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 17, 2012*

LEONARD GREEN, Clerk

ALBAN SHALCAJ,              )
                            )
    Petitioner,              )          ON PETITION FOR REVIEW
                            )          FROM THE UNITED STATES
v.                          )          BOARD OF IMMIGRATION
                            )          APPEALS
ERIC H. HOLDER, JR., Attorney General,     )
                            )
    Respondent.              )
                            )


BEFORE:  KEITH, GIBBONS, and DONALD, Circuit Judges.


PER CURIAM.  Alban Shalcaj, a native and citizen of Albania, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  For the reasons set forth below, we deny the petition for review.

On April 6, 2003, Shalcaj entered the United States through the port of Miami, where he was apprehended using a false passport to gain admission under the Visa Waiver Pilot Program.  The former Immigration and Naturalization Service commenced asylum-only proceedings against Shalcaj by filing a "Notice of Referral to Immigration Judge."  On May 15, 2003, Shalcaj filed an application for asylum, withholding of removal, and relief under the CAT, claiming mistreatment based on his political opinion.  Shalcaj asserted that police arrested, detained, and beat him on three occasions because of his activities in the Democratic Party of Albania.

On March 12, 2009, after several continuances and changes in counsel and venue, an IJ conducted a hearing on Shalcaj's application. The IJ found that Shalcaj, the only witness, was credible. Assuming that the three arrests, detentions, and beatings amounted to past persecution, the IJ determined that the government rebutted any presumption of a well-founded fear of future persecution by demonstrating by a preponderance of the evidence that conditions had changed in Albania and that Shalcaj could avoid future persecution by relocating within Albania. Accordingly, the IJ denied Shalcaj's application.

Shalcaj appealed the IJ's decision. The BIA dismissed his appeal, upholding the IJ's decision that any presumption of a well-founded fear of future persecution had been rebutted. Shalcaj timely petitioned this court for review of the BIA's order.

Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id*. We review factual findings under a substantial-evidence standard, upholding the agency's determination "as long as it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Parlak v. Holder*, 578 F.3d 457, 462 (6th Cir. 2009) (internal quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant bears the burden of proving refugee status by demonstrating either past persecution or a well-founded fear of future persecution on account of a protected ground. 8 C.F.R.

§ 1208.13(a)-(b); *see also Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th Cir. 2008). An applicant who

establishes past persecution is presumed to have a well-founded fear of future persecution. 8 C.F.R.

§ 1208.13(b)(1). The government may rebut this presumption by showing by a preponderance of

the evidence that:

> (1) since the persecution occurred, conditions in the applicant's country have changed
> to such an extent that the applicant no longer has a well-founded fear of being
> persecuted on one of the statutory grounds if he or she were to return, or (2) the
> applicant could avoid future persecution by moving to another part of his or her
> country of nationality, and it would be reasonable to expect the applicant to do so.

*Gilaj v. Gonzales*, 408 F.3d 275, 288 (6th Cir. 2005) (citing 8 C.F.R. § 1208.13(b)(1)(i)(A)-(B)).

The BIA agreed with the IJ that the government rebutted any presumption of a well-founded

fear of future persecution by demonstrating a fundamental change in circumstances in Albania. The

BIA noted that the State Department's country reports showed that "political parties operate without

restriction in Albania, that Sali Barisha, the leader of the Democratic Party[,] became the Prime

Minister in 2005, and that there are no indications that the Socialist Party either itself or through

other organizations or government authorities has engaged in abuse or coercion against their political

opponents." Shalcaj contends that the BIA gave too much weight to the country reports. We have

stated that "such reports are generally the best source of information on conditions in foreign

nations." *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004) (internal quotation marks omitted).

Relying on country reports, it appears indisputably that the political conditions in Albania have

fundamentally changed. *See Ndrecaj*, 522 F.3d at 676; *Ramaj v. Gonzales*, 466 F.3d 520, 531 (6th

Cir. 2006); *Liti v. Gonzales*, 411 F.3d 631, 639-40 (6th Cir. 2005). Furthermore, the BIA did not

base its determination solely on country reports, considering Shalcaj's specific circumstances: "[W]e

point out that the applicant's problems were from four specific police officers in his hometown and

he himself was not that familiar with current political conditions in his native country." The BIA also noted Shalcaj's failure to present any evidence that members of the Democratic Party in Albania currently are subject to persecution. Substantial evidence supports the BIA's decision regarding changed conditions in Albania.

The BIA alternatively upheld the IJ's determination that Shalcaj could relocate to another part of Albania to avoid future persecution. Shalcaj argues that the government failed to offer any evidence to satisfy its burden to prove that relocation would be reasonable, *see* 8 C.F.R. § 1208.13(b)(3)(ii), ignoring the country reports submitted by the government. Shalcaj's own testimony indicated that he could avoid future persecution by relocating within Albania. Shalcaj testified that all three arrests involved the same four police officers in his hometown. Given the localized nature of Shalcaj's problems, the record does not compel a different conclusion regarding relocation.

Shalcaj asserts that the immigration court in Detroit denies Albanian asylum applications at a significantly higher rate than other immigration courts. Rejecting this argument, the BIA noted that the IJ based her decision on the evidence before her and that there was no evidence of bias or prejudice. Our review is limited to the administrative record, *see* 8 U.S.C. § 1252(b)(4)(A), which does not reflect any bias or prejudice on the part of the IJ.

Shalcaj does not specifically address the denial of withholding of removal and relief under the CAT. Regardless, having failed to meet the requirements for asylum, Shalcaj necessarily failed to meet the more stringent requirements for withholding of removal and relief under the CAT. *See Ndrecaj*, 522 F.3d at 677.

For the foregoing reasons, we deny Shalcaj's petition for review.