**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1267n.06

No. 11-4359

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BALLAH MOMOLU PASSEWEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE:  BOGGS and McKEAGUE, Circuit Judges; CARR, District Judge.[*]

PER CURIAM.  Ballah Momolu Passewee petitions this court for review of an order of the Board of Immigration Appeals affirming the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We deny the petition for review.

On January 13, 2007, Passewee, a native and citizen of Liberia, entered the United States as a nonimmigrant visitor for pleasure with authorization to remain for a temporary period.  Before the expiration of that period, Passewee filed applications for asylum, withholding of removal, and CAT protection.  The Department of Homeland Security commenced removal proceedings against Passewee by serving him with a notice to appear, charging him with removability under the

---

[*]The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Immigration and Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States longer than permitted. Passewee appeared before an immigration judge (IJ) and conceded that he had overstayed his visitor visa.

The IJ ordered Passewee's removal in absentia when he failed to appear for his merits hearing. The IJ subsequently reopened the case. At the rescheduled hearing, Passewee testified that he left Liberia because his life was threatened by John Yekeh, a senior consultant for the Liberian National Police. According to Passewee, Yekeh sought to eliminate him because of his past role as an advocate for the people and because of his assets, but "the prime reason is because he's also falling into a relationship with my wife. . . . Yekeh is mainly targeting me because he has coerced my wife to fall into a relationship with him." At the conclusion of Passewee's testimony, the IJ opined that the asylum application was frivolous, giving examples of Passewee's inconsistent and implausible testimony and pointing out the apparently fraudulent nature of his supporting documents. The IJ continued the hearing to give Passewee additional time to address these issues. After a second hearing, the IJ denied Passewee's applications for relief, ordered his removal to Liberia, and found that he knowingly filed a frivolous asylum application. The IJ determined that Passewee was not credible and that, even if he were credible, he failed to demonstrate that any harm he might suffer was related to a statutorily protected ground, that he had a well-founded fear of future persecution, or that it was more likely than not that he would be subjected to torture if he returned to Liberia.

Passewee filed a timely appeal, which the BIA dismissed in part and sustained in part. The BIA upheld the IJ's adverse-credibility finding as not clearly erroneous. The BIA further determined that the IJ correctly concluded in the alternative that Passewee's asylum claim lacked the required

nexus between any harm in Liberia and a statutorily protected ground; that Passewee, having failed to establish eligibility for asylum, failed to satisfy the more stringent standard for withholding of removal; and that Passewee's speculation was insufficient to establish a clear probability of torture. The BIA sustained Passewee's appeal from the IJ's frivolity finding.

Passewee now petitions this court for review. Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent that the BIA has adopted the IJ's reasoning, however, we also review the IJ's decision." *Al-Ghorbani v. Holder*, 585 F.3d 980, 991 (6th Cir. 2009). We review factual findings, including an adverse-credibility finding, under a substantial-evidence standard, upholding the agency's determination "as long as it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Parlak v. Holder*, 578 F.3d 457, 462 (6th Cir. 2009) (internal quotation marks omitted); *see also Abdulahad v. Holder*, 581 F.3d 290, 294 (6th Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Passewee contends that the IJ's adverse-credibility finding was not based on issues going to the heart of his claims for relief. But Passewee filed his applications for relief after the enactment of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), which allows an adverse-credibility determination to be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes

to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009).

The IJ found that Passewee's testimony was internally inconsistent as well as inconsistent with his application and his corroborating evidence. The IJ also noted that Passewee often elected not to answer the question asked and that he was instead "intent upon trying to tell his story in some sort of narrative form which suggests to the Court that he was not being candid." Passewee attributes the IJ's findings to a misunderstanding of his testimony, referencing the numerous times that the IJ expressed difficulty understanding him. The record, however, reflects that the IJ interjected when he could not understand Passewee's testimony to allow Passewee to repeat or explain his answers. *Cf. Ahmed v. Gonzales*, 398 F.3d 722, 726-27 (6th Cir. 2005) (noting that the IJ himself created the confusion and held it against the petitioners). The testimony cited by Passewee as a "confused exchange" in fact demonstrates his evasiveness; the quotation in his brief omits his repetition of the question, reflecting that he understood what he was being asked.

The IJ found that two documents submitted by Passewee—medical slips from the New Age Medical Clinic purporting to document his treatment for injuries sustained from beatings—were fraudulent. Passewee asserts that he did not know that the documents were false, ignoring their patent falsity. *See Sterkaj v. Gonzales*, 439 F.3d 273, 277 (6th Cir. 2006) ("An applicant must take reasonable measures to verify the authenticity of any documents accompanying an application."). The medical slips appear to be pre-printed forms with Passewee's name filled in, contain a misspelling in the letterhead, and conflict with Passewee's own testimony about his injuries and treatment.

Passewee contends that the IJ overestimated his ability to obtain corroborating documents from post-civil-war Liberia. Given that Passewee received emails from his brother in Liberia and had recently obtained a photo of his wife, a reasonable trier of fact would not be compelled to conclude that a statement from his wife was unavailable. *See* 8 U.S.C. § 1252(b)(4); *Shkabari v. Gonzales*, 427 F.3d 324, 331 n.2 (6th Cir. 2005). Furthermore, Passewee's testimony was not "otherwise credible." 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."). Where an applicant's testimony could be viewed as incredible, inconsistent, or incoherent, as in this case, the failure to provide corroborating evidence may provide further support for an adverse-credibility determination. *See Zhao v. Holder*, 569 F.3d 238, 248-49 (6th Cir. 2009); *Pilica v. Ashcroft*, 388 F.3d 941, 954 (6th Cir. 2004).

Given Passewee's inconsistencies, his submission of patently false documents, and his lack of corroboration, substantial evidence supports the adverse-credibility finding. That finding is "fatal to all three of [Passewee's] claims for relief." *El Moussa*, 569 F.3d at 256. Accordingly, we deny the petition for review.