**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0212n.06

No. 10-3810

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
***Mar 01, 2013***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| FODE LAYE KOUROUMA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM A FINAL ORDER OF THE |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Fode Laye Kourouma, who is represented by counsel, petitions this Court to review the final order of the Board of Immigration Appeals (Board) denying his appeal from the decision of an immigration judge (IJ).

Kourouma is a native and citizen of Liberia.  On November 18, 2002, he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture.  In February 2003, the government initiated removal proceedings against Kourouma by filing a notice to appear.  The government charged Kourouma with being an alien who, at the time of entry into the United States, was not in possession of a valid passport or other suitable travel documents.

Kourouma appeared before the IJ, admitted the factual allegations in the notice to appear, conceded removability, and renewed his applications for asylum, withholding of removal, and protection under the Convention Against Torture.  The IJ found that Kourouma was statutorily

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ineligible for asylum because his application was untimely. The IJ also denied Kourouma's application for withholding of removal. The IJ found that because Kourouma's testimony was not credible, Kourouma failed to demonstrate past persecution or a clear probability of future persecution. Additionally, the IJ denied Kourouma's application for protection under the Convention Against Torture because Kourouma did not demonstrate that it is more likely than not that he would be tortured if removed to Liberia.

The Board agreed with the IJ that Kourouma was statutorily ineligible for asylum because he failed to demonstrate by clear and convincing evidence that his application was timely. Regarding Kourouma's withholding of removal claim, a majority of the Board declined to affirm the IJ's adverse credibility determination. Nevertheless, the Board held that Kourouma failed to establish that he had suffered or would suffer persecution as a result of an imputed political opinion. Lastly, the Board affirmed the IJ's denial of Kourouma's application for protection under the Convention Against Torture.

Kourouma timely filed the instant petition for review, arguing that: (1) the IJ erred in finding that his testimony was not credible; (2) the IJ incorrectly denied his application for asylum; (3) the IJ incorrectly denied his withholding of removal application; and (4) the IJ incorrectly denied his application for protection under the Convention Against Torture.

"Where the [Board] reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the [Board's] decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review factual findings under the substantial evidence standard. *Abdurakhmanov v. Holder*, 666 F.3d 978, 982 (6th Cir. 2012). Such findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Kourouma's argument that the IJ's adverse credibility finding was clearly erroneous is moot. The Board did not affirm the IJ's adverse credibility determination. Rather, the Board held that the

IJ had clearly erred because the grounds that the IJ relied on in making his credibility determination were "not adequate under Sixth Circuit case law."

With respect to Kourouma's claim that the Board incorrectly denied his application for asylum as untimely, we lack jurisdiction to review this claim. *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 746-48 (6th Cir. 2006).

Kourouma next argues that the IJ erred in denying his applications for withholding of removal and protection under the Convention Against Torture. An alien may request withholding of removal under 8 U.S.C. § 1231(b)(3) or the Convention Against Torture. *Id.* at 749. Withholding of removal under § 1231(b)(3) is mandatory where an alien establishes that his "life or freedom would be threatened in [the removal] country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see Khalili*, 557 F.3d at 435. An applicant may satisfy this burden by showing "that there is a clear probability that he will be subject to persecution if forced to return to the country of removal." *Khalili*, 557 F.3d at 436 (citation omitted).

Kourouma testified that, in 1991, his parents were killed for supporting Liberia's then president, Samuel Doe. After his parents' death, Kourouma remained in Liberia for two years. Kourouma left Liberia in 1993, when war erupted, and returned in 2000, when the war ended. After his return to Liberia in 2000, Kourouma began working for his brother. Kourouma testified that, in 2001, the Liberian government arrested his brother for having business ties with former President Doe. An unidentified source told Kourouma that the government was also after him. Kourouma fled from Liberia to the United States.

Because Kourouma does not argue that he suffered past persecution, he will not be eligible for withholding of removal unless he can establish that it is more likely than not that he will be persecuted on account of political opinion if removed to Liberia. *See* 8 C.F.R. § 1208.16(b)(2). Kourouma has not demonstrated a clear probability that he will be persecuted on account of an actual

or imputed political opinion. Kourouma did not testify that he is politically active. Aside from Kourouma's testimony that an unidentified individual told him that the Liberian government was targeting him because of his family's business dealings with Liberia's former president, there is no evidence that the government will target Kourouma. Violence against Kourouma's family, standing alone, is insufficient to demonstrate that Kourouma will be persecuted. *See Akhtar v. Gonzales*, 406 F.3d 399, 406 (6th Cir. 2005). Thus, Kourouma has not demonstrated that the Board's order denying his application for withholding of removal is not supported by substantial evidence.

To prevail on an application for withholding of removal under the Convention Against Torture "the applicant bears the burden of establishing 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Liti v. Gonzales*, 411 F.3d 631, 641 (6th Cir. 2005) (quoting former 8 C.F.R. § 1208.16(c)(2)). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a . . . person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Kourouma failed to show that it is more likely than not that he would be tortured if removed to Liberia. Other than his conclusory assertions and generalized fears, Kourouma offers no concrete evidence demonstrating that a public official of the Liberian government would torture him if he were removed to Liberia. Thus, Kourouma has not shown that the Board's order denying his application for protection under the Convention Against Torture is not supported by substantial evidence.

The petition for review is denied.