**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0259n.06
No. 17-4060

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
May 24, 2018
DEBORAH S. HUNT, Clerk

MARVIN LEONEL HERNANDEZ-MORALES,

    Petitioner,

        v.

JEFFERSON B. SESSIONS, III, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS

BEFORE: McKEAGUE, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM. Marvin Leonel Hernandez-Morales petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum and withholding of removal. We deny the petition for review.

Hernandez-Morales, a native and citizen of Guatemala, illegally entered the United States near Hidalgo, Texas, in March 2014, when he was twenty years old. Upon his apprehension, the Department of Homeland Security served Hernandez-Morales with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Hernandez-Morales appeared before an immigration judge (IJ) and admitted the factual allegations contained in the notice to appear. Based on those admissions, the IJ found that Hernandez-Morales was subject to removal. After Hernandez-Morales indicated that he feared returning to Guatemala, the IJ afforded him the opportunity to apply for asylum. Hernandez-Morales submitted a pro se

application, indicating that he sought relief based on his membership in a particular social group. Hernandez-Morales subsequently filed a replacement application through counsel.

At the hearing on his application, Hernandez-Morales described his particular social group as individuals enrolled in school in Guatemala who "are tall or have a muscular build [so as] to command respect," resulting in their recruitment by gangs for their "capacity to sell . . . drugs." Hernandez-Morales testified that, in October 2013, a group of gang members approached him on his way home from choir practice, saying that "we noticed you have the capacity of selling our merchandise." The gang members wanted Hernandez-Morales to sell marijuana for them and threatened to torture or kill him if he refused. A week later, the same group of gang members again approached Hernandez-Morales about working for them and threatened him with a knife. Hernandez-Morales testified that he left Guatemala four months later because of these threats.

At the conclusion of the hearing, the IJ denied Hernandez-Morales's applications for asylum and withholding of removal[1] and ordered his removal to Guatemala. The IJ concluded that Hernandez-Morales, although credible, had not established past persecution or a well-founded fear of future persecution on account of a protected ground. In reaching this conclusion, the IJ determined in part that Hernandez-Morales's proposed group was not a legally cognizable particular social group.

On appeal to the BIA, Hernandez-Morales redefined his particular social group as young male evangelicals. The BIA dismissed Hernandez-Morales's appeal. The BIA agreed with the IJ that the group originally proposed by Hernandez-Morales—individuals enrolled in school who are tall or have a muscular build—lacked particularity and social distinction as required to

---

[1]Hernandez-Morales expressly withdrew any request for relief under the Convention Against Torture.

constitute a particular social group. As for Hernandez-Morales's newly proposed group, the BIA concluded that there was no evidence that he was or would be targeted for harm on account of his faith.

This timely petition for review followed. Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the agency's factual findings for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Yu v. Ashcroft*, 364 F.3d 700, 702-03 (6th Cir. 2004). That is, we "will not reverse a factual determination" reviewed under "the highly deferential substantial-evidence standard . . . unless we find that the evidence not only supports a contrary conclusion, but compels it." *Dieng v. Holder*, 698 F.3d 866, 871 (6th Cir. 2012) (quoting *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007)); *see also* 8 U.S.C. § 1252(b)(4)(B). Thus, although we "must take into account contradictory evidence in the record[,] . . . 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 523 (1981) (quoting *Consolo v. FMC*, 383 U.S. 607, 620 (1966)).

"An alien who seeks asylum must establish that [he] meets the definition of a 'refugee,' which means a person who is unable or unwilling to return to [his] home country because of past persecution or a 'well-founded fear' of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)). To qualify for

withholding of removal, Hernandez-Morales must demonstrate a "clear probability" that, if removed to Guatemala, his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *see Zaldana Menijar v. Lynch*, 812 F.3d 491, 498 (6th Cir. 2015).

Before this court, Hernandez-Morales does not address his original claim for relief based on his purported membership in a particular social group comprised of individuals enrolled in school in Guatemala who are tall or have a muscular build. Hernandez-Morales has therefore waived any claim to asylum or withholding of removal based on his originally proposed group. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1154-55 (6th Cir. 2010).

The BIA addressed Hernandez-Morales's newly proposed group of young male evangelicals.[2] Substantial evidence supports the BIA's determination that Hernandez-Morales had failed to establish eligibility for asylum or withholding of removal based on that particular social group. In his application, Hernandez-Morales described himself as "a teenager that goes to church every week and due to my religion I do not want to be involve[d] in" gangs. At the hearing, Hernandez-Morales, who identified himself as a Seventh Day Adventist, testified that he told the gang members that he could not sell marijuana "because I attend a church and I don't want to be a criminal." Hernandez-Morales, however, made no claim in his application or at the hearing that he was targeted by the gang members on account of his religion. In fact, when asked why the gang members would seek him out, Hernandez-Morales responded, "I don't know, sir. The only thing that they want is that I sell their drugs." The BIA concluded that Hernandez-Morales had failed to present any evidence demonstrating a nexus between the harm

---

[2]The BIA has since held that it will not consider a proposed group delineated by the applicant for the first time on appeal. *See Matter of W-Y-C & H-O-B-*, 27 I. & N. Dec. 189, 191-93 (B.I.A. 2018).

he suffered or fears and his status as a young male evangelical.  The record does not compel a contrary conclusion.  *See Zaldana Menijar*, 812 F.3d at 500-01.

For these reasons, we **DENY** Hernandez-Morales's petition for review.