NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0099n.06

No. 21-3607

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>

JOSE ELMER MENENDEZ-ANTONIO;<br>
ANA ISABEL MENENDEZ-ANTONIO,<br>

    Petitioners,<br>

v.<br>

MERRICK B. GARLAND, Attorney General,<br>

    Respondent.
</td>
<td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)
</td>
<td>

**FILED**<br>
Feb 22, 2023<br>
DEBORAH S. HUNT, Clerk<br>

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS<br>

           OPINION
</td></tr>
</table>

Before: GRIFFIN, BUSH, and MURPHY, Circuit Judges.

PER CURIAM. Jose Elmer Menendez-Antonio and Ana Isabel Menendez-Antonio, siblings who are natives and citizens of El Salvador, petition this court for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their applications for asylum and withholding of removal. As set forth below, we **DENY** the petition for review.

The petitioners entered the United States as unaccompanied minors (Jose was 15 and Ana was 10) in May 2014. The Department of Homeland Security subsequently served the petitioners with notices to appear in removal proceedings, charging them with removability under the Immigration and Nationality Act (INA) as aliens present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Appearing with counsel and their guardian before an immigration judge (IJ), the petitioners admitted the factual allegations set forth in the notices to appear and conceded removability as charged.

The petitioners then filed asylum applications with the United States Citizenship and Immigration Services (USCIS). *See* 8 U.S.C. § 1158(b)(3)(C). Following the petitioners' interviews with an asylum officer, the USCIS referred their applications back to the IJ for a de novo hearing.

At the hearing before the IJ, the petitioners sought asylum and withholding of removal based on their membership in a particular social group—"Salvadoran youth who oppose and defy the gangs." The petitioners proffered their declarations in lieu of testifying, and the parties stipulated to findings of fact based on the petitioners' declarations and applications. According to those stipulated findings, the petitioners came to the United States because they believe that El Salvador is dangerous and because they are afraid of gangs. In El Salvador, the petitioners lived in a neighborhood between territories controlled by two different gangs. Gang members once stopped Jose on his way to school and threatened to kill him; Jose did not respond and rode off on his bike. Both petitioners had witnessed gang members shooting at each other.

At the conclusion of the hearing, the IJ denied the petitioners' applications for asylum and withholding of removal and ordered their removal to El Salvador. The IJ found that the petitioners had failed to establish past persecution, observing that their encounters with gangs in El Salvador appeared to be opportunistic rather than targeted from the gang members' standpoint. Although the IJ credited the petitioners' subjective fear of future persecution based on the violent conditions and gang activities in El Salvador as well as their young age at the time of their encounters with gangs, the IJ found that they had failed to establish that their claimed fear was objectively reasonable. According to the IJ, the petitioners had failed to demonstrate that they could not relocate within El Salvador or that the Salvadoran government would be unwilling or unable to assist them. The IJ went on to determine that the petitioners had failed to show that their particular

social group was cognizable under the INA, pointing out that caselaw established that gang recruitment and opposition to gangs did not constitute a group defined with immutability, particularity, and social distinction. The IJ further observed that "[t]he entire population of El Salvador with the exception perhaps of the gang members opposes the gangs and defies the gangs." Even if the petitioners had established a cognizable particular social group, the IJ determined, they had failed to demonstrate a nexus between their alleged persecution and their membership in that group. The IJ reiterated that the petitioners' encounters with gangs were "opportunistic criminal events" and not targeted incidents. Because the petitioners had failed to establish eligibility for asylum, the IJ concluded, they had necessarily failed to satisfy the higher burden required for withholding of removal.

The petitioners appealed the IJ's decision to the BIA. Dismissing the appeal, the BIA adopted and affirmed the IJ's decision denying the petitioners' applications for asylum and withholding of removal. The BIA agreed with the IJ that the petitioners had failed to demonstrate their membership in a cognizable particular social group because their proposed group lacked the requisite particularity and social distinction. The BIA also agreed with the IJ that the petitioners had failed to demonstrate a nexus between any alleged persecution and their membership in a particular social group, discerning no clear error in the IJ's factual finding that the petitioners were the victims of "opportunistic criminal events." In light of these dispositive grounds, the BIA declined to address other issues raised by the petitioners.

This timely petition for review followed. "Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). "Questions of law are reviewed de novo, but substantial

deference is given to the [agency's] interpretation of the INA and accompanying regulations." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the agency's factual findings for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Khalili*, 557 F.3d at 435.

In their brief in support of their petition, the petitioners seek review of the denial of their applications for asylum and do not address the denial of their applications for withholding of removal. The petitioners have therefore forfeited any challenge to the agency's denial of withholding of removal by failing to raise the issue before this court. *See Amezola-Garcia v. Lynch*, 846 F.3d 135, 139 n.1 (6th Cir. 2016); *Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

An applicant for asylum must establish that he or she is a "refugee"—a person "who is unable or unwilling to return to" his or her home country "because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group" or other protected status. 8 U.S.C. § 1101(a)(42); *see Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010). The petitioners must therefore show (1) their membership in a particular social group cognizable under the INA and (2) a nexus between any alleged persecution and their membership in that group. *See Bi Xia Qu v. Holder*, 618 F.3d 602, 606-08 (6th Cir. 2010); *Bonilla-Morales*, 607 F.3d at 1137.

"A 'particular social group' must meet three criteria: (1) immutability (members must share an immutable characteristic), (2) particularity (the group has discrete and definable boundaries), and (3) social distinction (society actually perceives the purported group as a distinct class of persons)." *Cruz-Guzman v. Barr*, 920 F.3d 1033, 1036 (6th Cir. 2019). The petitioners argue that their particular social group—"Salvadoran youth who oppose and defy the gangs"—is

defined particularly and is recognized as a distinct group in Salvadoran society. The BIA concluded that the petitioners' proposed group lacked particularity because "it would include a large swath of society as many persons in El Salvador oppose gang members." *See Tomas-Morales v. Garland*, No. 21-3227, 2022 WL 154343, at *5 (6th Cir. Jan. 18, 2022) ("We have thus rejected social-group definitions that were 'generalized' or 'sweeping' because the proposed groups could encompass any unknown number of people depending on how they were applied. [And we] have repeatedly rejected on these 'particularity' grounds proposed social groups defined to include those who refused to join or who were threatened by criminal gangs.") (citing cases). The BIA further determined that the petitioners had failed to cite any evidence demonstrating that their proposed group was recognized as a distinct group in Salvadoran society. *See Giron-Giron v. Garland*, No. 21-3472, 2022 WL 216568, at *3 (6th Cir. Jan. 25, 2022) (concluding that the petitioner's particular social group of "persons who resist[] the gangs in El Salvador" was not cognizable in part because the petitioner had failed to offer any evidence that proposed group was "perceived as a group by the Salvadoran society" (alteration in original)).

But we need not decide whether the petitioners' proposed group is sufficiently particular and socially distinct to be cognizable under the INA. The BIA also determined that the petitioners had failed to demonstrate a nexus between any alleged persecution and their membership in their proposed particular social group. The petitioners do not address the nexus issue in their brief in support of their petition for review. By failing to address this dispositive issue, the petitioners have forfeited their challenge to the denial of their asylum applications. *See Amezola-Garcia*, 846 F.3d at 139 n.1; *Shkabari*, 427 F.3d at 327 n.1.

Accordingly, we **DENY** the petition for review.