**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1058n.06

No. 11-4367

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Oct 09, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ABDUVOKHID ABDUAKHATOV ISMAILOV, | ) ) ) | |
| Petitioner, | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES |
| v. | ) ) | BOARD OF IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) ) | |
| Respondent. | ) ) ) | |

BEFORE:  GUY, DAUGHTREY, and STRANCH, Circuit Judges.

PER CURIAM.  Abduvokhid Abduakhatov Ismailov, a native and citizen of Uzbekistan, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision denying his asylum application.  We DENY the petition for review.

On May 15, 2005, Ismailov entered the United States as a non-immigrant student with authorization to remain until August 8, 2005.  After Ismailov remained in the United States beyond that date, the Department of Homeland Security served him with a notice to appear charging him with removability under § 237(a)(1)(B) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(1)(B), as a non-immigrant who remained in the United States for a time longer than permitted.  Ismailov appeared before an IJ, admitted the notice's factual allegations, and conceded removability under INA § 237(a)(1)(B).  Ismailov subsequently applied for adjustment of status,

asylum, withholding of removal, relief under the Convention Against Torture, and voluntary departure. At the conclusion of the merits hearing, the IJ denied Ismailov's applications and ordered his removal to Uzbekistan. Ismailov filed an appeal, which the BIA dismissed.

Ismailov now petitions this court for review of the BIA's decision upholding the IJ's denial of his asylum application on the basis that he failed to establish a well-founded fear of future persecution in Uzbekistan. Ismailov does not address his other applications for relief, waiving those claims. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id*. We review factual findings under a substantial-evidence standard, upholding the agency's determination "as long as it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Parlak v. Holder*, 578 F.3d 457, 462 (6th Cir. 2009) (internal quotation marks and citation omitted). Under this standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant bears the burden of proving refugee status by demonstrating either past persecution or a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 1208.13(a)-(b); *see Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th Cir. 2008). Ismailov does not claim past persecution, instead asserting that he has a well-founded fear of future persecution. To establish a well-founded fear of future persecution, Ismailov must demonstrate: "(1) that he has a

fear of persecution in his home country on account of" a protected ground; "(2) that there is a reasonable possibility of suffering such persecution if he were to return to that country; and (3) that he is unable or unwilling to return to that country because of such fear." *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004); *see* 8 C.F.R. § 1208.13(b)(2)(i). Ismailov's fear of future persecution "must be both subjectively genuine and objectively reasonable." *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (internal quotation marks and citation omitted). Ismailov "cannot rely on speculative conclusions or mere assertions of fear of possible persecution, but instead must offer reasonably specific information showing a real threat of individual persecution." *Id.* (internal quotation marks and citation omitted).

Ismailov allegedly fears that he will be persecuted on account of his imputed political opinion if he returns to Uzbekistan. In support of his claimed fear of persecution, Ismailov testified that, on August 20, 2009, he read on websites critical of the Uzbekistan government that the government planned to set off explosions on September 1, Independence Day, and blame the explosions on the opposition. Ismailov called his grandmother in Uzbekistan and warned her and his other family members not to go to the celebrations in the central districts of Tashkent because "[s]omething bad might happen." According to Ismailov, there were four explosions in Tashkent. After Ismailov's phone call, two police officers visited his grandmother, questioned her about his activities and whereabouts, and asked her to tell him to check in with the police because they wanted to talk to him. While Ismailov acknowledged that he had been monitored by the police and asked to check in on a periodic basis prior to his departure from Uzbekistan, he asserted that this instance was different because the police officers did not leave any paperwork, "which is the legal way to call you to the police station."

Substantial evidence supports the BIA's conclusion that Ismailov failed to demonstrate an objectively reasonable fear that he would be targeted for persecution in Uzbekistan, much less that he would be targeted because of any imputed political opinion. Ismailov testified that the police officers told his grandmother that they were making a "security request," which "they've been doing to everybody because of the . . . situation in the country." In light of these law enforcement efforts in the aftermath of the explosions, Ismailov failed to show that he "would be singled out individually for persecution." 8 C.F.R. § 1208.13(b)(2)(iii); *see Zoarab v. Mukasey*, 524 F.3d 777, 780 (6th Cir. 2008) ("To establish persecution, the applicant must prove that the foreign government 'specifically targeted' the person for abuse." (quoting *Gilaj v. Gonzales*, 408 F.3d 275, 285 (6th Cir. 2005))). According to Ismailov's testimony, the police officers wanted to collect information on young people who had traveled abroad; his testimony failed to establish that the police officers were interested in him because of any imputed political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("[S]ince the statute makes motive critical, [the applicant] must provide *some* evidence of it, direct or circumstantial."). Asserting that the police monitored his phone calls, Ismailov acknowledged that the police may have heard that he had warned his family that something bad was going to happen. Ismailov failed to explain why the police officers' interest in him would constitute persecution, given that his advance knowledge of possible explosions provided a basis for their interest. *See Cruz-Samayoa v. Holder*, 607 F.3d 1145, 1151 (6th Cir. 2010) ("[T]here is a marked distinction between persecution and criminal prosecution."). The record does not compel a contrary conclusion regarding Ismailov's asylum claim.

Ismailov argues that the IJ failed to recognize the correct basis for his fear of future persecution, focusing on his twenty-seven-day detention rather than the police officers' visit to his

grandmother.   Because Ismailov did not raise the IJ's alleged error before the BIA, we lack jurisdiction to consider this argument. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006). Regardless, both the IJ and the BIA sufficiently addressed the basis of Ismailov's claimed fear of future persecution.

For the foregoing reasons, we DENY Ismailov's petition for review.