NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0782n.06

Case No. 13-4434

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 15, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| WOULSTAIN STEPHEN CREADO; | ) | |
| ESTHER MARIA D'SOUZA, | ) | |
| | ) | |
| Petitioners, | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC HOLDER, JR., ATTORNEY | ) | |
| GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

_____/

**Before: Merritt, White, and Donald, Circuit Judges.**

**MERRITT, Circuit Judge.** In this immigration case, petitioners Woulstain Stephen

Creado[1] and Esther Maria D'Souza, a married couple,[2] seek review of a decision of the Board of

Immigration Appeals dismissing their appeal from an immigration judge's denial of petitioners'

application for asylum, withholding of removal and relief under the Convention Against Torture.

Petitioners do not appeal the dismissal of their application for asylum, which was denied on the

ground of untimeliness. Board of Immigration Appeals Decision at 2 (Jan. 15, 2010).

---

[1] Petitioner Creado's first name is alternatively spelled "Woulstein" in the briefs filed by his counsel.
[2] Creado is the lead applicant and his wife, D'Souza, a derivative beneficiary.

Petitioners are natives of Kuwait but citizens of India, where most of their extended family still lives. Creado entered the United States in 2003, and D'Souza in 2004, as nonimmigrants on student visas. They have two children, both of whom are citizens of the United States. Petitioners concede removability to India. Petitioners alleged they would be persecuted in India due to their Catholic religion by two groups: (1) by Catholics, including, primarily, their immediate families, for bearing one child out of wedlock and not having married in the Catholic Church, and having a second child after a civil wedding, and (2) by Hindus, who comprise the majority religion in India.

The Supreme Court pointed out in *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987), that Congress created two separate and distinct standards permitting otherwise-deportable aliens to remain in the United States: (1) the standard for "withholding of removal" under 8 U.S.C. § 1253(h) of the Immigration and Nationality Act of 1980; and (2) the standard for "asylum" under 8 U.S.C. § 1158(a), codifying the Refugee Act of 1980. Here, petitioners are ineligible for asylum consideration because they filed beyond the applicable one-year limitation for asylum. Therefore, the questions before us are whether they are eligible for "withholding of removal" under the standard that "it is more likely than not that the alien would be subject to persecution," or relief under the Convention Against Torture.

For the reasons that follow, we deny the petition for review.

## I.

Creado and D'Souza testified before an immigration judge that they are practicing Catholics. They acknowledged a long-standing dispute with their parents in India over the fact that their first child was born out of wedlock. Even though they were legally married at the time their second child was born, petitioners have not told their families about the birth of their

second child. Because they were not married in the Catholic Church, their families do not recognize their marriage and would consider their second child also to have been born out of wedlock. Creado testified that he is afraid that his father will harm him, his wife and children if he returns to India. Specifically, he testified that after the birth of their first child, his father threatened to fly to the United States and harm them, but he never did. Creado Decl., Ex. H to Motion to Reopen (Feb. 12, 2010). Creado testified that his father has a violent temper and is well connected with corrupt officials in Bombay (also known as Mumbai) who would be unable or unwilling to control his father if he tried to harm petitioners or their children. Hr'g Tr. at 22-23, Oct. 22, 2007; *see also* Creado Decl., Ex. H to Motion to Reopen. Petitioners also testified that Hindus in India will persecute them based on their Catholic religion. Petitioners submitted documentary evidence of violence against Christians in some parts of India.

After their first appearance before an immigration judge, the judge denied relief, finding that the primary reason for fear of future persecution arose from Creado's fear of his own family's disapproval of the fact that his children were born out of wedlock. Oral Decision of Immigration Judge at 11 (Apr. 17, 2008). The immigration judge also found that petitioners did not carry their burden of showing that the Indian government would not protect them either from Hindus or from their family members. *Id.* at 12-13. In addition, the immigration judge found that Creado's father was no longer living in India and petitioners could safely move to another part of India to escape their families. *Id*. at 5.

The denial was upheld by the Board of Immigration Appeals on January 15, 2010, and petitioners filed a motion to reopen to supplement the record regarding persecution of Christians by Hindus in India. On reconsideration, the Board remanded the case to an immigration judge to

consider additional evidence in support of petitioners' contention that Catholics are persecuted in India. Order of the Board of Immigration Appeals (July 20, 2010).

On remand, petitioners submitted documentation from 2008-2010 that reported isolated acts of violence against Christians in India, including the 2010 Department of State International Religious Freedom Report. Motion to Reopen, Exs. D&G (Feb. 12, 2010). Creado testified that he did not believe he or his wife and children could be safe in any part of India and he did not think that the government would protect them if they were ever threatened. Hr'g Tr. at 19, 25 (Dec. 2, 2011).

After remand, a different immigration judge determined that the additional evidence did not establish that "it is more likely than not" that petitioners would be subject to persecution based on their religion. Decision of the Immigration Judge (May 14, 2012). The judge considered the State Department's 2010 International Religious Freedom Report for India, the 2011 Background Note for India and the 2010 Human Rights Report for India in his decision. The reports show that there are some isolated incidents where Christians in India have been attacked by Hindus in rural areas. The immigration judge noted that the reports did not mention incidents of persecution toward couples not married in the church or who had children out of wedlock.

On appeal, the Board concurred that the evidence submitted on remand, as well as the record as a whole, did not demonstrate that it is "more likely than not" that petitioners would be subject to persecution on account of their Catholic religion and dismissed Creado's appeal. Decision of the Board of Immigration Appeals (Nov. 18, 2013). It held that, while the record demonstrated that there is some violence against Christians in India, the evidence is insufficient to establish that the government was unable or unwilling to protect petitioners from their families

or their families' associates. The Board also determined that petitioners failed to meet the eligibility requirements for relief under the Convention Against Torture because they did not establish that the Indian government would acquiesce to any torture. Petitioners filed a timely petition for review of the Board's decision with this Court.

## II.

We review immigration decisions for substantial evidence, considering whether they are supported by reasonable, substantial, and probative evidence on the record considered as a whole. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004).

### A. Withholding of Removal

To establish eligibility for withholding of removal, an alien must show a clear probability that, if she was removed to her native country, her "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); *Zoarab v. Mukasey*, 524 F.3d 777, 782 (6th Cir. 2008). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. *INS v. Stevic*, 467 U.S. 407, 429–30 (1984). If the applicant establishes past persecution, it is presumed that her life or freedom would be threatened on account of a protected ground. 8 C.F.R. § 1208.16(b)(1) (2012). A determination regarding eligibility for withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. *Elias–Zacarias*, 502 U.S. at 481.

Petitioners do not dispute that they have not shown any past persecution and therefore have the burden of showing it is "more likely than not" that they would be persecuted in the future based on a protected ground. 8 C.F.R. § 1208.16(b)(2). Petitioners also fail to meet their burden if they could avoid future threat to life or freedom "by relocating to another part of

[India], and, under all the circumstances, it would be reasonable to expect the applicant to do so."

8 C.F.R. § 1208.16(b)(2). If the fear of persecution comes from non-government actors, as here, petitioners must show that the government is unable or unwilling to protect them. *Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009).

To establish eligibility for withholding of removal, petitioners must first establish that any mistreatment would be based on a protected ground. Petitioners contend that they would be mistreated by their family members, and perhaps other Catholics in the community, because they bore children out of wedlock. Petitioners argue that they are entitled to relief because they belong to a religious or social group that violates traditional Catholic values, but they concede that their families' displeasure relates to embarrassment or feeling disgraced based on their children's behavior. Creado testified that the Catholic beliefs of the two families were offended by the birth of petitioners' first child out of wedlock. Although petitioners were legally married by the time their second child was born, because they had not married in the Catholic Church, they contend that their families would view the birth of the second child as an out-of-wedlock birth as well.

Personal disputes cannot support a claim for withholding of removal. *Klawitter v. INS*, 970 F.2d 149, 152-53 (6th Cir. 1992). So, while the treatment by their families may be related to petitioners' violation of traditional Catholic values, and is arguably loosely tied to religion, the dispute is more in the nature of a personal dispute among family members than a targeted attack based on certain religious views, or lack thereof. We have previously held that it is necessary to examine a petitioner's overall cultural context to determine the basis for any mistreatment. *Al-Ghorbani v. Holder*, 585 F.3d 980, 997-98 (6th Cir. 2009) (culture permits, or encourages, aggrieved father to kill an individual who defies father's wishes by marrying daughter).

Creado failed to show that the proposed group of persons with children born out of wedlock is socially visible and sufficiently particular to warrant protection. Creado presented almost no evidence of how Indian society views the proposed group. His testimony focused, rather, on how his *family* views petitioners because they are the parents of two children born out of wedlock, not how Indian society generally would perceive petitioners and others in a similar position. Creado did not describe experiences being persecuted or shunned by anyone in India other than his family. We also note that the immigration judge found that Creado's father was no longer living in India, thereby minimizing any perceived or actual threat from him. Oral Decision of Immigration Judge at 5 (Apr. 17, 2008).

In addition, Creado did not demonstrate that the government of India was unwilling or unable to protect him and his family. This is a matter where Creado is involved in a personal feud with his family over the circumstances of his children's birth. There is little evidence that Creado or his wife or children would be mistreated by the government of India, nor is there any evidence that their families in India are or would be acting with the consent or acquiescence of the government, or that the government would be unwilling to protect them from their families.

As to the alleged persecution by Hindus, petitioners do not claim that they suffered past persecution; rather, they contend that they have demonstrated a clear probability of persecution if they return to India based on a pattern or practice of persecuting Christians. To succeed on a pattern or practice claim, the petitioners must show that there is a pattern or practice of persecution of persons similarly situated to them and that it is more likely than not that their life and freedom would be threatened upon their return because they are members of the group. *See* 8 C.F.R. § 208.16(b)(2)(i)-(ii).

The record demonstrates that the Department of State recognized there was some violence against minority religions in India, including Christians. However, according to the 2010 State Department International Religious Freedom Report, which was considered by the immigration judge and the Board, these incidents are sporadic and isolated and the Indian government does not condone any acts of violence against Christians. The State Department Report also emphasized that religious diversity is tolerated across most of India. Importantly, Creado testified that no member of his family living in India had ever been threatened or harmed on account of their Catholic faith. Hr'g Tr. at 23-24 (Dec. 2, 2011).

Additionally, according to State Department reports, the secular Indian constitution guarantees religious freedom to all its citizens. Due to ineffective or corrupt law enforcement, some Indian states do not consistently and vigorously protect religious freedom. However, in recent years, the national government has invested increasing resources in guaranteeing the consistent enforcement of laws protecting minority faiths in all parts of India. U.S. Dep't of State, Int'l Religious Freedom Report 2010. Substantial evidence therefore supports the Board's finding that Creado failed to establish a pattern or practice of persecution against Catholics in India such that it is more likely than not his life and freedom would be threatened. We note also that more recent reports from the State Department continue to report efforts by the Indian government to denounce any violence or lack of tolerance against Christians. *See* 2013 State Department's International Religious Freedom Report; 2013 State Department Report on Human Rights.

### B.  Convention Against Torture

Petitioners also claim that they are eligible for relief under the Convention Against Torture. To qualify for protection under the Convention Against Torture, a petitioner bears the

burden of showing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). To state a prima facie case for relief, petitioners must show that they will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1). A public official acquiesces to torture if, "prior to the activity constituting torture, [the official] ha[s] awareness of such activity and thereafter breach[es] his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7).

We conclude that substantial evidence supports the finding that it is not more likely than not that petitioners will face torture by or at the acquiescence of Indian public officials. As outlined above, we recognize that the record contains evidence of isolated incidents of harassment, persecution and violence against Christians. We cannot conclude, however, that the record compels a finding that government officials caused or breached their responsibility to intervene to prevent such activity.

For the foregoing reasons, the petition for review is denied.