NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0082n.06

No. 14-3245

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 27, 2015*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LADISLAO PADILLA-OCHOA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE: GIBBONS, SUTTON, and McKEAGUE, Circuit Judges.

PER CURIAM. Ladislao Padilla-Ochoa, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum and withholding of removal.

Padilla last entered the United States in April 1997. In July 2008, the Department of Homeland Security (DHS) served Padilla with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without having been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Padilla appeared before an immigration judge (IJ) and conceded removability. Padilla subsequently applied for cancellation of removal on the basis that his removal would result in exceptional and extremely unusual hardship to his United States–citizen children. Padilla also applied for asylum and withholding of removal based on his membership in a "particular social group," 8 U.S.C. § 1158(b)(1)(B)(i), asserting

that he worked as a teacher when he lived in Mexico and that the Mexican drug cartels are now targeting teachers for extortion.

After a hearing, the IJ denied Padilla's applications for relief and ordered his removal to Mexico. The IJ found that Padilla's testimony was "credible but unpersuasive." In denying asylum and withholding of removal, the IJ concluded that Padilla had suffered no persecution in Mexico and that he had failed to demonstrate either a well-founded fear of persecution or a clear probability of persecution in Mexico if he returned. The IJ also discredited the particular social group to which Padilla purportedly belonged: "teachers in Mexico with a regular income that could be extorted by cartel members." The IJ determined that such a group was not cognizable because the group was inappropriately defined solely by the persecution allegedly inflicted upon it as opposed to by reference to its "social visibility" in Mexico. The IJ went on to find that Padilla had not demonstrated the requisite nexus between his membership in the group and persecution, as he had failed to show that the drug cartels targeted teachers for any reason other than their regular income. Finally, even if the drug cartels did target teachers, the IJ found that Padilla had failed to show that he would be targeted when he is not a teacher and has not been a teacher since 1991. In denying cancellation of removal, the IJ concluded that Padilla had failed to demonstrate the requisite continuous physical presence, good moral character, and hardship.

Padilla appealed the denial of his applications for asylum and withholding of removal. The BIA dismissed Padilla's appeal and affirmed the IJ's decision. With respect to asylum, the BIA agreed that Padilla had not established past persecution or a well-founded fear of future persecution. According to the BIA, Padilla had expressed a subjectively genuine fear of being harmed upon his return to Mexico but had not demonstrated that his fear was objectively reasonable. The BIA further determined that, assuming a cognizable social group of teachers

and teachers' union members in Mexico, Padilla had failed to show that he would be perceived as a member of that group because he had not worked as a teacher in Mexico in over twenty years. The BIA also noted that fear of general violence in Mexico is not a basis for asylum. Finally, the BIA concluded that Padilla's failure to establish eligibility for asylum precluded him from establishing his entitlement to a withholding of removal.

Padilla petitions this court for review of the denial of his applications for asylum and withholding of removal. Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the agency's factual determinations for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dieng v. Holder*, 698 F.3d 866, 871–72 (6th Cir. 2012).

Padilla first contends that the BIA erred in supporting the IJ's finding that his particular social group of teachers and teachers' union members lacked social visibility. But the BIA did not address social visibility. It instead assumed that Padilla's proposed group qualified as a particular social group. The BIA went on to conclude that Padilla had not demonstrated that he would be perceived as a member of that group because he had not worked as a teacher in Mexico in over twenty years.

Padilla next argues that the BIA ignored his credible testimony regarding the persecution of two family members because of their status as teachers in Mexico. "[A]bsent a pattern of persecution tied to the asylum applicant himself or herself, acts of violence against family members do not necessarily demonstrate a well-founded fear of persecution." *Akhtar v. Gonzales*, 406 F.3d 399, 405 (6th Cir. 2005) (quoting *Gebremaria v. Ashcroft*, 378 F.3d 734, 739

(8th Cir. 2004)). Padilla did not establish a pattern of persecution tied to him, given that he worked as a teacher in Mexico for less than three months in 1991, he has not worked as a teacher since then, and he does not have a teaching job waiting for him in Mexico.

Finally, Padilla asserts that his due process rights were violated because the IJ erroneously stated that he never belonged to a teacher's union when he testified that he did. To establish a due process violation, Padilla must show that there was a defect in the removal proceedings and that he was prejudiced by that defect. *See Abdallahi v. Holder*, 690 F.3d 467, 472 (6th Cir. 2012). Considering that union membership was not a factor in the BIA's decision—the final agency determination—Padilla has failed to demonstrate that the IJ's misstatement "led to a substantially different outcome." *Id*.

Substantial evidence supports the denial of Padilla's applications for asylum and withholding of removal. Accordingly, we deny the petition for review.