<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name:  15a0187n.06

No. 14-3283

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 10, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| OUMAR BA, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

BEFORE:  SILER, BATCHELDER, and ROGERS, Circuit Judges.

PER CURIAM.  Oumar Ba petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Ba is a native and citizen of Mauritania.  He entered the United States in June 2000.  In December 2000, Ba filed an application for asylum, withholding of removal, and relief under the CAT, alleging that he would be persecuted or tortured if returned to Mauritania because of his race and his father's membership in the African Liberation Forces of Mauritania.  The IJ denied the application, concluding that the request for asylum was untimely, that Ba did not testify credibly, and that he failed to establish entitlement to relief.  The BIA affirmed the IJ's conclusions that Ba did not testify credibly and that he failed to establish entitlement to relief.

On appeal, Ba argues that the BIA committed legal error in determining that he did not testify credibly by failing to discuss the explanation that he gave for discrepancies in his

testimony, asylum interview, and application for relief. Ba also argues that his asylum application was timely and that the BIA erred by concluding that he did not testify credibly and that he failed to establish entitlement to relief. Because the BIA issued a separate opinion, rather than summarily affirming the IJ's decision, we review the BIA's opinion as the final agency determination. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review legal conclusions de novo and factual findings and credibility determinations for substantial evidence. *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. *Id.*

Ba first argues that the BIA committed legal error in determining that he did not testify credibly by failing to discuss the explanation that he gave for the discrepancies in his testimony, asylum interview, and application for relief. The record reflects, however, that the BIA properly identified the controlling law and rejected Ba's explanation that the discrepancies were the result of memory problems and misunderstandings caused by a language barrier.

Ba also argues that the BIA erred by concluding that he did not testify credibly and that he failed to establish entitlement to relief. Because Ba's application for relief was filed before May 11, 2005, the adverse credibility determination must be based on issues that go to the heart of his claim of persecution. *See El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009). To be eligible for asylum, an applicant must establish that he suffered past persecution or has a well-founded fear of future persecution on account of one of several protected grounds. *Abdurakhmanov v. Holder*, 735 F.3d 341, 345 (6th Cir. 2012).

The discrepancies identified by the BIA in Ba's testimony, asylum interview, and application for relief constitute substantial evidence supporting the adverse credibility

determination. In his asylum interview, Ba stated that members of the Mauritanian military broke his right thumb when he was taken into custody, but Ba testified that he suffered injuries only to his face and back and that his thumb was not broken. Similarly, during his asylum interview, Ba stated that he entered the United States using a Malian passport bearing the name Abdou Ndiaye, which conflicted with his testimony that he used a Gambian passport bearing the name Tierno Tunkara. There were also discrepancies concerning whether Ba was physically assaulted while being transported to prison and whether he was tied up and blindfolded while in prison. The discrepancies identified by the BIA go to the heart of Ba's claim of persecution, and a reasonable adjudicator would not be compelled to accept Ba's explanation that the discrepancies resulted from memory problems and misunderstandings caused by a language barrier.

Given the adverse credibility determination and the lack of other evidence supporting Ba's asylum application, substantial evidence supports the BIA's denial of the application. And because the denial of Ba's asylum application is supported by substantial evidence, it follows that substantial evidence also supports the BIA's determination that Ba did not satisfy the higher standards for withholding of removal and relief under the CAT. *See Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007).

Accordingly, we deny Ba's petition for review.