**NOT RECOMMENDED FOR PUBLICATION**

File Name: 21a0047n.06

Case No. 20-3478

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ROBERTO CARLOS GUERRERO-RAMIREZ, | ) | **FILED** Jan 25, 2021 DEBORAH S. HUNT, Clerk |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| ROBERT M. WILKINSON, Acting Attorney General, | ) | |
| | ) | OPINION |
| Respondent. | ) | |

BEFORE: BOGGS, SUTTON, and NALBANDIAN, Circuit Judges.

SUTTON, Circuit Judge. Roberto Carlos Guerrero-Ramirez crossed into the United States after traveling from Nicaragua through Central America to Mexico. When he arrived, he sought asylum, withholding of removal, and protection under the Convention Against Torture. After a hearing, an immigration judge denied his application, reasoning that he did not offer convincing corroborating evidence. The Board of Immigration Appeals also denied relief. Because substantial evidence supports the Board's decision, we deny Guerrero-Ramirez's petition for review.

A 29-year-old Nicaraguan citizen, Guerrero-Ramirez entered the United States in February of 2019. He sought asylum and other relief from removal.

At a hearing before an immigration judge, Guerrero-Ramirez gave this account. He worked in Nicaragua as a truck driver. When protests broke out in April 2018 over the government's handling of social security benefits, he delivered money and medication to dissidents and hid protestors in his truck's concealed compartment. After his name surfaced on a government list identifying protestors, Guerrero-Ramirez left the country for Costa Rica. He returned to Nicaragua to file a complaint with its Human Rights Commission, but the Commission told him that staying in Nicaragua remained risky. Guerrero-Ramirez headed north, hitchhiking to Mexico and then traveling by foot to the United States.

After the hearing, the immigration judge denied his application. While the judge found him "generally credible," he was troubled that Guerrero-Ramirez "failed to corroborate significant details from his testimony with sufficient evidence," especially the source of the alleged list, proof that it was a government document, and its meaning. A.R. 85. The court noted that he "failed to file . . . statements from friends or family" corroborating his story and never offered evidence that the government list was an official document. *Id.* While Guerrero-Ramirez said that his schoolteacher gave him the list, he never produced anything from her to support that account or to explain where she got the list.

The Board of Immigration Appeals affirmed, explaining that it "agree[d] . . . that [Guerrero-Ramirez] did not sufficiently corroborate his claim with reasonably available evidence." A.R. 13.

We review the Board's determination and the parts of the immigration judge's reasoning it adopted. *Al-Saka v. Sessions*, 904 F.3d 427, 430 (6th Cir. 2018). We give fresh review to the Board's legal conclusions, *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009), and accept its factual findings "unless any reasonable adjudicator would be compelled to conclude to the

contrary," 8 U.S.C. § 1252(b)(4)(B). The burden fell on Guerrero-Ramirez to show that he is a "refugee" and eligible for asylum. *Id.* § 1158(b)(1)(B)(i); *see also I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Though an applicant's testimony can be enough on its own, an immigration judge may require corroborating evidence, even where testimony is "otherwise credible." 8 U.S.C. § 1158(b)(1)(B)(ii). In any event, Guerrero-Ramirez's application for review must be denied if "substantial[] evidence" supports the immigration judge's decision. *Khalili*, 557 F.3d at 435.

We see no good reason to second-guess this decision. Guerrero-Ramirez's theory of asylum was that he appeared on a list of protestors that the government intended to imprison. But he offered slim evidence to support the theory. The list is a photocopy, its source unclear, its authenticity unconfirmed. It contains no identifying information. While Guerrero-Ramirez said that he obtained the list from one of his teachers in Nicaragua, he did not offer a statement from her or any evidence to buttress the claim—or for that matter any evidence about where she obtained the list or what it meant. We cannot fault the immigration judge and the Board for finding that inadequate.

Guerrero-Ramirez's other evidence does not close the gap. What's left is a letter from a friend that does not offer any specifics about Guerrero-Ramirez's activities in Nicaragua, general photographs of protestors that do not identify him, and a copy of a human rights report that contains factual inconsistencies. The immigration judge walked through each of these problems, explaining that, without authentication and more specifics, the evidence failed to support an asylum claim. This record does not "compel" a conclusion that Guerrero-Ramirez met his burden to show he is a refugee. 8 U.S.C. § 1252(b)(4)(B).

Guerrero-Ramirez faults the immigration judge for not giving him an opportunity to offer corroborating evidence. That argument implicates some tension between *Guzman-Vazquez v.*

*Barr*, 959 F.3d 253, 263 (6th Cir. 2020), and *Gaye v. Lynch*, 788 F.3d 519, 530 (6th Cir. 2015). While we are inclined to agree with Judge Thapar's and Judge Murphy's reading of *Gaye*, *Guerrero Ramirez v. Barr*, No. 20-3478 (6th Cir. Jun. 23, 2020) (order staying removal pending review) (Thapar, J., dissenting); *Guzman-Vazquez*, 959 F.3d at 276 (Murphy, J., dissenting), we need not resolve the point. Either way, Guerrero-Ramirez's claim falls short.

The potential need for corroborating evidence, as an initial matter, appears front and center in the statute. 8 U.S.C. § 1158(b)(1)(B)(ii). The idea that a photocopied list of alleged targets of government persecution would not need corroboration beyond an applicant's say-so is hopeful, if not far-fetched. At any rate, Guerrero-Ramirez received an opportunity at the hearing to provide evidentiary support for this theory or to explain why it was unreasonable to expect him to provide support. The government asked him why he did not provide statements supporting his affidavit, and he replied that "[t]here are letters from people in my country." A.R. 175. It's unclear what letters he was referencing, but the immigration judge considered the sole letter of support in his asylum application and aptly explained why it did not offer material support. The government also asked why he did not have an "affidavit or statement from th[e] teacher" describing the government's list of protestors. A.R. 160. Guerrero-Ramirez responded that his teacher obtained the list from Facebook but offered no specifics. No error occurred.

Guerrero-Ramirez insists that the immigration judge should have expressly found that corroborating evidence was reasonably available. But he failed to advance that argument in front of the Board. Because only "claims properly presented" to the Board may "be reviewed" by our court, *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004), the argument is forfeited, *see* 8 U.S.C. § 1252(d)(1).

Because Guerrero-Ramirez did not show a well-founded fear of future persecution for asylum purposes, he does not meet the "more stringent burden" for withholding of removal. *See Pilica v. Ashcroft*, 388 F.3d 941, 951 (6th Cir. 2004). And because he does not challenge the Board's finding with respect to his claim of protection under the Convention Against Torture, he has forfeited the argument.

For these reasons, we deny the petition for review.