NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0344n.06

No. 20-4069

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ARMANDO VELASQUEZ-PEREZ,

    Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jul 16, 2021
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS

Before: BATCHELDER, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Armando Gomez Velasquez, also known as Armando Velasquez-Perez, is a Guatemalan citizen who entered the United States without inspection in 2002. Sixteen years later, an immigration judge ordered him removed, finding (among other things) that Velasquez's removal to Guatemala would not cause "exceptional or extremely unusual hardship" to his children. The Board of Immigration Appeals agreed and denied relief. We likewise agree, and deny the petition.

Velasquez and his wife—who likewise entered the United States without inspection—have four children who are U.S. citizens. In July 2012, Velasquez was convicted of assaulting a security guard. The Department of Homeland Security served Velasquez with a notice to appear for removal proceedings, charging him as an "alien present in the United States without being admitted or paroled." 8 U.S.C. § 1182(a)(6)(A)(i). While those proceedings remained pending, Velasquez was convicted of driving while intoxicated.

Velasquez thereafter conceded his removability but applied for cancellation of removal. To be eligible for cancellation, Velasquez needed to establish that he had been "physically present in the United States for a continuous period" of at least 10 years; that during that period he had shown "good moral character"; that he had not been convicted of an offense enumerated in §§ 1182(a)(2) or 1227(a)(2)–(3); and that his "removal would result in exceptional and extremely unusual hardship" to a qualifying relative (here, his children). *Id.* § 1229b(b)(1). At his removal hearing, Velasquez testified that, if he were removed, his wife and children would move to Guatemala; that he could not financially support them there; and that his children would struggle socially and educationally in Guatemala. Velasquez also addressed his criminal history. Initially, he disclosed only that he had been arrested for assault and drunk driving. But under further questioning he eventually admitted that he had also been arrested for driving without a license, indecent exposure, public intoxication, and violating an open-container law.

The IJ first determined that Velasquez had not shown "good moral character," given his "long history of alcohol-related offenses" and his unwillingness to disclose them during his hearing. The IJ also found that Velasquez's children would not suffer "exceptional and extremely unusual hardship" in Guatemala. The Board denied relief. This petition followed.

Where, as here, the Board "reviews the immigration judge's decision and issues a separate opinion," we review the Board's decision "as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). Here, the Board's decision rested only on the absence of exceptional hardship to Velasquez's children.

Velasquez challenges the Board's application of the hardship standard to the IJ's factual findings. We recently held that the question whether the facts found by an IJ amount to "exceptional and extremely unusual hardship" is a reviewable question of law and fact. *Singh v.*

*Rosen*, 984 F.3d 1142, 1150 (6th Cir. 2021). We have not decided what standard of review to apply to this question, however, because in every case that has presented it the standard of review has not affected the outcome. *See Niazi v. Garland*, -- F. App'x --, No. 20-4270, 2021 WL 2838390, at *3 (6th Cir. July 8, 2021); *Rodriguez-Salas v. Garland*, 849 F. App'x 582, 585 (6th Cir. 2021); *Araujo-Padilla v. Garland*, -- F. App'x --, No. 20-3571, 2021 WL 1192513, at *3 (6th Cir. Mar. 30, 2021); *Singh*, 984 F.3d at 1154. The same is true here.

Hardship is "exceptional and extremely unusual" only if it is "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *Montanez-Gonzalez v. Holder*, 780 F.3d 720, 722–23 (6th Cir. 2015) (internal quotation marks omitted). Here, the situation that Velasquez's children face is not extremely unusual. Persons subject to removal often say that they will take their U.S.-citizen children with them to countries with worse schools and fewer jobs than in the United States. *See, e.g.*, *Singh*, 984 F.3d at 1146, 1154–55 (6th Cir. 2021); *Lopez-Soto v. Garland*, No. 20-3552, -- F. App'x --, 2021 WL 1550834, at *6 (6th Cir. Apr. 20, 2021); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 504–05 (6th Cir. 2008); *Matter of J-J-G-*, 27 I. & N. Dec. 808, 814 (BIA 2020); *Matter of Andaloza-Rivas*, 23 I. & N. Dec. 319, 324 (BIA 2002); *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 64–65 (BIA 2001). Velasquez provides us with no basis to find the hardship in his case to be worse than in many other cases.

Velasquez counters that his children will struggle in Guatemala because they do not speak much Spanish. Yet he testified that the children spoke a "little" Spanish already and gave no reason why they could not learn more in Guatemala. Velasquez also says that he could not support his family financially there. But his only basis for this assertion is his relatives' advice that the job market is "very hard" in Guatemala and his own belief that any job he did obtain would not pay

him enough. We have no reason to doubt, of course, that the transition to Guatemala will be difficult for Velasquez's children; but he has not shown that the hardship they face is "exceptional and extremely unusual." *See* 8 U.S.C. § 1229a(c)(4)(A)(i); 8 C.F.R. § 1240.8(d).

Velasquez also argues that the IJ violated his due-process right to a "full and fair" removal hearing. *Suarez-Diaz v. Holder*, 771 F.3d 935, 942 (6th Cir. 2014). To violate that right, the IJ must have committed an error that rendered the removal proceeding "so fundamentally unfair" that Velasquez could not reasonably present his case. *Camara v. Holder*, 705 F.3d 219, 223 (6th Cir. 2013). The record reflects no such error.

The petition for review is denied.