NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0549n.06

No. 21-3142

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

QIUWEI CHEN,

  Petitioner,

   v.

MERRICK B. GARLAND, Attorney General,

  Respondent.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Nov 30, 2021
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE: McKEAGUE, GRIFFIN, and KETHLEDGE, Circuit Judges.

GRIFFIN, Circuit Judge.

Petitioner Qiuwei Chen, a native and citizen of China, entered the United States as a temporary business visitor, began regularly attending the Church of Jesus Christ of Latter-day Saints, and ultimately converted to the Mormon religion. After overstaying her visa, she filed applications for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the Convention Against Torture, contending China will persecute and torture her upon return on account of her religious beliefs. An immigration judge found her applications unmeritorious, and the Board of Immigration Appeals agreed. We deny her petition for review.

I.

The Immigration and Nationality Act empowers the Attorney General to grant asylum to applicants who meet the Act's definition of "refugee." *See* 8 U.S.C. §§ 1101(a)(42), 1158(b). "Ordinarily, there are two ways in which an applicant may qualify as a refugee: either by

demonstrating that she has a well-founded fear of future persecution on account of a protected characteristic or by demonstrating that she has suffered past persecution—which gives rise to a rebuttable presumption that she has a well-founded fear of future persecution." *Yousif v. Lynch*, 796 F.3d 622, 628 (6th Cir. 2015) (internal quotation marks omitted). The term "persecution" "requires more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty" and typically includes actions like "detention, arrest, interrogation, prosecution, imprisonment, illegal searches, confiscation of property, surveillance, beatings, or torture." *Kukalo v. Holder*, 744 F.3d 395, 400 (6th Cir. 2011) (citations omitted).

Chen's petition deals only with the Board's conclusion that she did not establish a well-founded fear of future persecution on account of religion.[1] There are two components to a petitioner's required future-persecution showing: the fear "must be both subjectively genuine and objectively reasonable." *Mikhailevitch v. I.N.S.*, 146 F.3d 384, 389 (6th Cir. 1998). One way to demonstrate this is "by establishing a likelihood of the [petitioner's] being singled out individually for persecution on the basis of a protected ground." *Trujillo Diaz v. Sessions*, 880 F.3d 244, 250 (6th Cir. 2018) (internal quotation marks omitted). This requires more than "speculative conclusions or mere assertions of fear of possible persecution"; instead, a petitioner "must offer reasonably specific information showing a real threat of individual persecution." *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (citation omitted). Absent this showing, a petitioner

---

[1]The immigration judge found that she did not suffer past persecution, and she did not challenge that finding to the Board or to us here. Additionally, the Board found that she did "not meaningfully challenge[] the Immigration Judge's denial of her applications for withholding of removal or protection under the Convention Against Torture." Because we can only review those claims "properly presented to the [Board] and considered on their merits," we lack jurisdiction to consider its resolution of her non-asylum claims. *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004); *see also* 8 U.S.C. § 1252(d)(1).

may still establish an objectively reasonable fear of future persecution with evidence of "a pattern or practice of persecution of an identifiable group" to which he or she belongs. *Akhtar v. Gonzales*, 406 F.3d 399, 404 (6th Cir. 2005) (citation omitted).

Because the Board's decision came in a separate opinion, we review it as the agency's final determination. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We also review the immigration judge's decision to the extent the Board adopted its reasoning. *Id.* The Board's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," and we must uphold the decision "as long as it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Slyusar v. Holder*, 740 F.3d 1068, 1072 (6th Cir. 2014) (citations omitted).

## II.

The Board adopted the immigration judge's factual findings for purposes of the appeal and then relied on several of them to conclude petitioner did not satisfy the objective-reasonableness inquiry. They include: China permits Mormonism; "the Mormon church maintains a good relationship with the Chinese government and is respected"; there is no evidence of "any mistreatment of members of the Mormon faith in China"; the Mormon Church encourages but does not mandate proselytization generally and specifically asks members in China not to proselytize; petitioner did not proselytize in the United States; and there is no evidence indicating "the Chinese government is aware that she has joined the Mormon Church." These findings more than support the Board's reasonable decision that petitioner demonstrated neither a real threat of individual persecution nor a pattern or practice of persecution of an identifiable group as required to establish a well-founded fear of future persecution.

Chen's arguments do not persuade us to conclude otherwise. First, we do not read the Board's opinion to require a showing that "she would be specifically targeted" and "will be persecuted" instead of "a reasonable possibility." *Mikhailevitch*, 146 F.3d at 389. The Board's opinion makes clear it agreed with the immigration judge's conclusion that Chen failed the individual persecution or pattern or practice showing as referenced above and did so by citing relevant Sixth Circuit and Board caselaw applying the requisite possibility test. In our view, the Board's use of this language—once as an introductory clause and the other as a characterization of Chen's arguments on appeal to it—does not reflect an error of law mandating correction.

Nor do we find persuasive petitioner's argument that the Board erroneously found she did not engage in proselytization here and would not do so in China. It is dubious that, as she asserts, the record shows that she would be forced to "abandon" some of her religious practices, i.e., that she would not be able to proselytize as she wishes in China. Moreover, the record does not show a systemic mistreatment of the Mormon Church in China; rather, it demonstrates that members of the Mormon Church are able to practice their beliefs. For that reason, we remain unconvinced that Chen's "limited testimony, the dearth of evidence in the record that Mormons are treated any differently than other Christian denominations, and record evidence that there are tens of millions of Christians in China (many of whom practice in unregistered churches) . . . state[s] an objectively reasonable well-founded fear of persecution." *Yao Wang v. Whitaker*, 748 F. App'x 390, 392 (2d Cir. 2018). On this record, the Board was within its discretion to reject petitioner's arguments to the contrary as mere "speculative conclusions." *Trujillo Diaz*, 880 F.3d at 250 (citation omitted).

### III.

For these reasons, we deny Chen's petition for review.